IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JERRY A. HURST,                          )
                                         )
            Plaintiff,                   )
                                         )
     v.                                  ) Civ. Action No. 10-899-GMS
                                         )
BENTON COUNSELMAN, et al.,               )
                                         )
            Defendants.                  )

## MEMORANDUM

The plaintiff, Jerry A. Hurst ("Hurst"), of Arlington, Virginia, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He also raises supplemental state claims. Hurst appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Hurst alleges the defendants, who include city officials, police officers, hotel employees, attorneys, judges, and Delaware Department of Correction ("DOC") employees violated his rights as a result of his arrest in 2001, and events that followed, including his criminal convictions. (D.I. 2.) Following a jury trial on February 5, 2002, in the Court of Common Pleas, Sussex County, Delaware, Hurst was convicted of resisting arrest, falsely reporting an incident, and disorderly conduct. *Hurst v. State*, 832 A.2d 1251 (Del. 2003), *cert. denied*, 541 U.S. 1033 (2004), *rehearing denied*, 542 U.S. 946 (2004). Hurst appealed to the Superior Court, the appeal was dismissed, and the Delaware Supreme Court affirmed the judgment of the Superior Court.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Hurst alleges that on October 23, 2008, he obtained Brady and Rule 16 materials including internal affairs transcripts and other fraudulently concealed documents. (D.I. 2 at 16 ¶ 14.) Hurst alleges that "there is no possibility that [his] sham convictions are other than void *ab initio*. . , that they are void due to a lack of subject matter jurisdiction, . . . [and] it is a mandatory duty that the court vacate these void convictions." (*Id.* at ¶¶ 16-17.) The complaint alleges violations of constitutional rights; intentional beatings; violations of free speech; illegal seizure, abduction, and kidnaping; intentional infliction of emotional distress; illegal search and seizure; improper training and supervision; malicious abuse of process, false arrest, false imprisonment, and malicious prosecution; denial of medical treatment; conspiracy; and state violations. Hurst seeks vacatur of his convictions, ten million dollars in compensatory damages, ten million dollars in punitive damages, and injunctive and declaratory relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Hurst proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del., 1995), *aff'd*, 111 F.3d 125 (3d Cir.) (table decision), *cert. denied*, 522 U.S. 852 (1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Deutsch*, 67 F.3d at 1086. Other circuits have offered more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). A district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Crisafi*, 655 F.2d at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie,* Civ. No. 03-3098, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are

considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, Civ. No. 03-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Hurst leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Hurst has a

"plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege

Hurst's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Hurst has filed other lawsuits in this court against the same defendants, raising the same

or similar issues, all related to the events surrounding his arrest and criminal convictions. *See*

*Hurst v. City of Rehoboth*, Civ. No. 03-362-SLR; *Hurst v. City of Dover*, Civ. No. 04-83-GMS;

*Hurst v. Trader*, Civ. No. 06-146-KAJ. Hurst appealed the dismissals in two of the cases and, in

each instance, the United States Court of Appeals for the Third Circuit affirmed the dismissals.

*See Hurst v. City of Rehoboth Beach*, 288 F. App'x 20 (3d Cir. 2008), *cert. dismissed,* 129 S.Ct.

1354 (2009); *Hurst v. Trader*, 223 F. App'x 128 (3d Cir.), *cert. denied,* 552 U.S. 1057 (2007).

The current case is duplicative and related to the same nucleus of operative facts as other

cases filed by Hurst. Hurst continues to raise claims surrounding his convictions even though

other prior lawsuits raising the same or similar claims have been dismissed. Hurst's pattern of

filing repetitive claims or claims arising out of a common nucleus operative facts, even though

those claims have been dismissed, falls squarely in the category of malicious litigation. Hurst's

---

[2]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at
1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.''" *Id.*

filing of a new case in an effort to obtain the recovery he desires is an abuse of the system.

Therefore, the court concludes that the complaint is malicious within the meaning of section

1915(e)(2)(B).[3]  According, the court will dismiss the complaint.

## IV.  CONCLUSION

For the above reasons, the court will dismiss the complaint as malicious pursuant to 28

U.S.C. § 1915(e)(2)(B).  Amendment of the complaint is futile.

An appropriate  order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_Feb 2 8_, 2011
Wilmington, Delaware

---

[3]Based upon statements in the complaint, and as recognized by Hurst, dismissal is also proper as barred by the *Rooker-Feldman* doctrine since there is concluded State Court litigation. The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  It is evident in reading the complaint that Hurst seeks to have his criminal convictions set aside.  It also appears that the claims are barred by claim or issue preclusion. *See King v. East Lampeter Township,* 69 F. App'x 94 (3d Cir. July 2, 2003) (not published) (appellate court affirmed district court's *sua sponte* dismissal of complaint on grounds of *res judicata* and collateral estoppel); *Fairbank's Capital Corp. v. Milligan,* 234 F. App'x 21 (3d Cir. 2007) (not published).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY A. HURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-899-GMS |
| | ) |
| BENTON COUNSEL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 28ᵗʰ day of _____Feb_____, 2011, for the reasons set forth in

the Memorandum issued this date, it is hereby ordered that:

1. The complaint is **dismissed** as frivolous and malicious pursuant to 28 U.S.C. §

1915(e)(2)(B).  Amendment is futile.

2. The clerk of court is directed to **close** the case.

_____
CHIEF UNITED STATES DISTRICT JUDGE